IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DONALD DENERAL WALKER,** § | | |
| **(TDCJ No.01563198),** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:22-cv-549-O |
| § | | |
| **SHAREN WILSON,** § | | |
| **District Attorney,** § | | |
| **Tarrant County, Texas,** § | | |
| § | | |
| Respondent. § | | |

## OPINION AND ORDER

Texas Department of Criminal Justice inmate/Petitioner Donald Deneral Walker filed this suit through a document entitled "Private Letter Rogatory from the Private Sector to the Public Administrative/Commercial under the Hague Convention Title 18 U.S.C. § 1781." ECF No. 1. After review and consideration of this pleading, the Court finds that all Walker's requests for relief must be dismissed with prejudice.

Walker is presently a prisoner housed in the TDCJ-Ellis Unit. ECF No. 1. He is serving a 30-year sentence for his 2009 conviction for aggravated assault with a deadly weapon in Tarrant County, Texas, Case NO. 1147908R before the Criminal District Court Number Three of Tarrant County, Texas.[1]

As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a

---

[1] Walker previously challenged his conviction through a petition for writ of habeas corpus in this Court *Walker v. Lumpkin*, No. 4:21-CV-723-O (Aug. 25, 2021). The Court takes judicial notice of its own records in that prior case. *See* Fed. R. Evid. 201(a) and (b)(1).

governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Walker also apparently seeks to proceed in forma pauperis, this civil action is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.* After review and consideration of Walker's suit and the applicable law, the Court determines that all claims must be dismissed under the authority of these provisions.

First, Walker seeks for this Court to issue a "Letter Rogatory." ECF No. 1. A Letter Rogatory is used to effect service of process in a foreign country. *See* Federal Rule of Civil Procedure Rule 4(f)(2)(B). The Respondent in this case is located in Fort Worth, Texas. Thus, any reference to a "Letter Rogatory" is inapplicable. Second, Walker cites to an inaccurate

citation for a "Hague Convention" by citing to "18 U.S.C. § 1781." That statute does not exist.[2]
Instead, the Court assumes Walker refers to the Hague Conviction on the Taking of Evidence Abroad in a Civil or Commercial Matters, Mar. 18, 1970. 23 U.S.T. 2555, T.I.A.S. No. 7444, *codified at* 28 U.S.C. § 1781 ("Hague Convention"). But again, that treaty relates to foreign discovery, and has nothing to do with gathering information from the Respondent in this case. Walker's claims for such relief under the Hague Convention must be dismissed.

Furthermore, and in the alternative, to the extent Walker seeks to have this Court issue a writ of mandamus directing a state official to take actions with regard to his underlying conviction, such claim fares no better. Although the all writs act, 28 U.S.C. § 1651, provides that a court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction," the federal writ of mandamus has been abolished by Federal Rule of Civil Procedure 81(b), and a federal district court lacks the general power to issue writs of mandamus to command state courts and their officers where mandamus is the only relief sought. *See* Fed. R. Civ. P. 81(b); *see also Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973). Thus, as Walker has also has not shown that mandamus relief is available to him in this Court, that claim must be also be dismissed.[3]

---

[2] Walker's phrasing appears similar to the filing of a "Letter Rogatory for Relief under the Hague Convention Title 18 § 1781" in another case. *See Mobley v. MCS Financial Global Investments, LLC.*, Civ. A. No. 19-0194, 2019 WL 3226923, *1 (W.D. La. Jul. 17, 2019). There, the court directed such document be stricken from the record. *Id.*

[3] Even if Walker could invoke this Court's jurisdiction, he would not be entitled to mandamus relief. Mandamus is reserved for extraordinary circumstances. *See Kerr v. United States Dist. Ct.,* 426 U.S. 394, 403 (1976). A mandamus petitioner must demonstrate (1) a clear right to relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *See In re Stone,* 118 F.3d 1032, 1034 (5th Cir. 1997)(citations omitted). Walker has not demonstrated any of these elements.

It is therefore **ORDERED** that all grounds for relief sought in this civil action by Donald Deneral Walker are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1), and alternatively under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** on this **7th day** of **July, 2022.**

*Reed O'Connor*
**UNITED STATES DISTRICT JUDGE**